UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6: 09-146-KKC

LEON ADAMS, PLAINTIFF,

v. **OPINION AND ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security, DEFENDANT.

\* \* \* \* \* \* \* \*

This matter is before the Court on the cross Motions for Summary Judgment filed by the parties. [DE 10, 12]. Because the Commissioner of Social Security's decision is supported by substantial evidence, the Court will GRANT the Commissioner's motion and deny the motion by the Plaintiff.

**I.     Facts.**

The Plaintiff filed an application for a period of disability and disability benefits alleging disability beginning October 13, 2005. The disabilities he alleged were chronic back pain, degenerative disc disease, migraines, and Crohn's disease. AR 128. The Administrate Law Judge ("ALJ") concluded that the Plaintiff was not entitled to disability insurance benefits because he does not have a "disability" as that term is defined in the Social Security Act, 42 U.S.C. § 423(d)(1)(A). The Plaintiff requested that the Appeals Council review his request and the Appeals Council denied that request. The Plaintiff then filed an action in this Court seeking a review of the ALJ's decision under 42 U.S.C. § 405(g).

**II.     Standard of Review.**

When reviewing decisions of the Social Security Agency, the Court is commanded to uphold

the Agency decision, "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir.2004) (internal quotation marks and citation omitted). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.1994). Judicial review of the Commissioner's decision "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir.2010).

Review must be based on the record as a whole. *Heston v. Comm'r of Social Security*, 245 F.3d 528, 535 (6th Cir.2001). The court may look into any evidence in the record to determine if the ALJ's decision is supported by substantial evidence, regardless of whether it has actually been cited by the ALJ. *Id*. However, the court "do[es] not review the evidence de novo, make credibility determinations nor weigh the evidence." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir.1989).

This Court must defer to the Agency's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir.2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997)).

**III.  The ALJ's Decision.**

Under the Social Security Act, disability is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one

2

year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir.2007). The disability determination is made by an ALJ using a five-step sequential evaluation process. See 20 C.F.R. § 416.920. The claimant has the burden through the first four steps of the evaluation process. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir.2003). However, the burden shifts to the Commissioner for the fifth step. *Id*.

At the first step, the claimant must show that he is not currently engaging in substantial gainful activity. See 20 C.F.R. § 416.920(a)(4)(i); 20 C.F.R. § 404.1520(b). Here, the ALJ determined that the Plaintiff has not engaged in substantial gainful activity since October 13, 2005, the alleged date of the onset of disability. AR 11.

At the second step, the claimant must show that he suffers from a severe impairment or a combination of impairments that are severe. See 20 C.F.R. § 404.1520(c). Here, the ALJ determined that the Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine, status post laminectomy; migraine headaches; Crohn's disease; right carpal tunnel syndrome; and depression. AR 11.

At the third step, a claimant must establish that his impairment or combination of impairments meets or medically equals a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. § 404.1520(d). The ALJ determined that the Plaintiff did not establish this step. AR 12. The ALJ noted that the Plaintiff has mild restriction in the activities of daily living but is capable of routine personal care with some difficulty. The ALJ also noted the Plaintiff has moderate difficulties in social functioning but that he attends church regularly and talks on the phone. AR 12.

The ALJ determined that the Plaintiff has mild difficulties with regard to concentration,

persistence or pace but noted that he was able to teach Sunday school, do crossword puzzles, paint and do woodworking. AR 12. The ALJ also noted that, prior to April 2007, the Plaintiff had no significant mental health treatment and that he currently gets mental health treatment once every six months. AR 12. The ALJ further noted that the Plaintiff had never been hospitalized or fired from a job due to a mental impairment. AR 12.

Before considering the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"). See 20 C.F.R. § 404.1520(e). The RFC analyzes an individual's ability to do physical and mental work activities on a sustained basis despite any existing mental or physical impairments. In determining the RFC, the ALJ must consider all of the claimants' impairments, including those which are not severe. See 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545. Once the ALJ has determined the RFC, he must determine whether the claimant has the RFC to perform the requirements of his past relevant work. See 20 C.F.R. § 404.1520(f).

Here, the ALJ determined that the Plaintiff had a residual functional capacity to perform light work as defined in 20 C.F.R § 404.1567(b) except that he should not climb ropes, scaffolds, or ladders. The ALJ determined that, in an 8-hour work day, the Plaintiff is capable of standing/walking 6 hours and sitting 6 hours. The ALJ further determined that the Plaintiff is not limited in pushing or pulling and that he is capable of occasional climbing of ramps and stairs and frequent crawling. The ALJ determined that the Plaintiff was capable of performing basic demands of unskilled work in a low stress and non-production environment. AR 13.

The ALJ then determined that the Plaintiff is unable to perform his past relevant work which was as an equipment installer for the telephone company. AR 16.

At the fifth step, the burden shifts to the Commissioner to establish that there is sufficient

work in the national economy that the claimant can perform given his RFC, age, education and work experience. See 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c). Based on the testimony of the vocational expert, the ALJ determined that the Plaintiff has been capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Thus, the ALJ concluded that the Plaintiff is not disabled for purposes of the Social Security Act. AR 17.

On appeal, the Plaintiff argues that the ALJ erred in failing to provide a specific reason for finding not credible the Plaintiff's testimony regarding his pain symptoms. The Plaintiff also argues that the ALJ erred because he rejected the opinions of the Plaintiff's treating physician, Dr. Robert J. Bunge, and a consulting physician, Dr. P.D. Patel. Finally the Plaintiff argues that the ALJ erred in relying on the vocational expert's answer to a hypothetical question that did not adequately explain the Plaintiff's psychological condition.

**IV.  Analysis.**

**A.  Whether the ALJ Erred by Failing to Provide a Specific Reason for Rejecting the Plaintiff's Testimony Regarding His Pain Symptoms.**

As to the Plaintiff's first argument – that the ALJ failed to provide a specific reason for rejecting the Plaintiff's testimony regarding his pain symptoms, – as the ALJ specifically noted, the social security regulations establish a two-step process for evaluating pain. See 20 C.F.R. § 416.929.

> First, the ALJ will ask whether the there is an underlying medically determinable physical impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. § 416.929(a). Second, if the ALJ finds that such an impairment exists, then he must evaluate the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities. Id. Relevant factors for the ALJ to consider in his evaluation of symptoms include the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that

5

> precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions. *Id*.; see also Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *2-3 (July 2, 1996) (Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements).

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir.2007).

Since the ALJ has the opportunity to observe the claimant in person, a court reviewing the ALJ's conclusion about the claimant's credibility should accord great deference to that determination. *See Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1234 (6th Cir.1993). Nevertheless, an ALJ's assessment of a claimant's credibility must be supported by substantial evidence. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir.1997). "Social Security Ruling 96-7p also requires the ALJ explain his credibility determinations in his decision such that it 'must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.'" *Rogers*, 486 F.3d at 248.

The ALJ determined that the Plaintiff's medically determinable impairments could reasonably be expected to produce the pain he alleged. AR 14. He then determined, however, that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that are inconsistent with the residual functional capacity assessment for the reasons explained below." AR 15. The ALJ then thoroughly discussed his reasons for this finding. AR 15 -16.

Among these reasons were that an examination of the Plaintiff's back revealed no restricted range of motion and only mild pain on flexion or extension with straight leg raising. AR 15. The

ALJ further noted that the Plaintiff's compression fractures were healed and that the claimant's function and activities of daily living for the past few years had been stable and improved. AR 15. Further, the ALJ noted that the Plaintiff had received "very good results" after the placement of the pain pump. The ALJ also noted that the Plaintiff's general physical and neurological examination was normal.

The ALJ also noted the opinion of the state agency agency consultants including Dr. David Swan who determined that the Plaintiff could lift 20 pounds occasionally and 10 pounds frequently. AR 348. Dr. Swan determined that the Plaintiff could sit, stand or walk with normal breaks for about 6 hours. AR 349. Dr. Swan further determined that the Plaintiff had an unlimited ability to push or pull and that he could occasionally climb ramps or stairs, balance, stoop, kneel, or crouch and he could frequently crawl. AR 349-50. Dr. Swan determined the Plaintiff could never climb ladders, ropes, or scaffolds and that he had no limitations in communicating. AR 350, 352.

The ALJ provided multiple reasons for rejecting the Plaintiff's testimony regarding the limiting effect of his pain and the rejection is supported by substantial evidence in the record.

**B.  Whether the ALJ Erred in Rejecting the Opinions of Drs. Patel and Bunge.**

The Plaintiff next argues that the ALJ erred in rejecting the opinions of Drs. P.D. Patel and Robert J. Bunge.

Dr. Patel was not the Plaintiff's treating physician. He saw the Plaintiff one time for the purpose of evaluating his medical impairment. AR 402. *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. Appx. 435, 442 (6th Cir. 2010)(citing 20 C.F.R. § 404.1502 (defining a treating source as a physician or other medical source who has had an ongoing relationship with the claimant)). The opinion of a

consulting physician is not entitled to the deference due to the opinion of a treating physician. *See e.g., Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir.1994). Moreover, an ALJ may reject a consulting physician's opinion based on substantial evidence in the record. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 390-91 (6th Cir.1999) (finding that substantial evidence supported an ALJ's rejection of a consulting psychologist's opinion); *see also Whitfield v. Astrue*, 2009 WL 1684489, at *2 (M.D.Tenn.2009).

Dr. Patel concluded that the Plaintiff suffers from bipolar disorder Type II and has a Global Assessment of Functioning of 25. AR 402. He concluded that "considering the multiple problems the patient has been experiencing with neurological and psychiatric, the patient would not be able to return back to his work." AR 402.

The ALJ stated that he gave little weight to Dr. Patel's opinion because "it not supported by the objective medical evidence and the minimal health treatment the claimant has received." AR 13. The ALJ noted that Dr. Patel's GAF assessment was "consistent with an individual who is considerably influenced by delusions or hallucinations or serious impairment in communications or judgment." The ALJ noted this was inconsistent with the Plaintiff's own report to Dr. Patel that he had no suicidal or homicidal ideation and no auditory or visual hallucinations. The ALJ also found no indication that the Plaintiff had serious communication problems because he attends church regularly and helps his wife teach Sunday School classes. (TR. at 13). Accordingly, the ALJ supported his decision to give little weight to Dr. Patel's testimony with substantial evidence in the record.

Dr. Bunge is a treating physician and began seeing the Plaintiff in April 2007. "[T]he opinions of treating physicians are afforded considerable, if not controlling, weight." *Essary v.*

*Comm's of Soc. Sec.*, 114 Fed. Appx. 662, 666 -67 (6th Cir. 2004) (citing 20 C.F.R. § 404.1527(d)(2)). This is because:

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004)(quoting 20 C.F.R. § 404.1527(d)(2)).

However, the Sixth Circuit "has consistently stated that the Secretary is not bound by the treating physician's opinions, and that such opinions receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir.1993) (citing *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir.1990)). In other words, "the Secretary may reject a treating physician's opinion if good reasons are identified for not accepting it." *Bogle*, 998 F.2d at 348.

In a medical source statement of the Plaintiff's mental ability to do work-related activities dated August 2008, Dr. Bunge assessed the Plaintiff's abilities as "fair" to "poor" in almost all areas. For example, Dr. Bunge determined the Plaintiff had a poor ability to understand and remember detailed instructions, carry out detailed instruction, complete a normal workday or workweek, and to perform at a consistent pace. He determined that the Plaintiff's "decreased energy and chronic pain . . . impairs him from putting in a full day of work." AR 420.

However, the ALJ gave "little weight" to Dr. Bunge's opinion finding that it was "not supported by the objective medical evidence and minimal findings." AR 16. The ALJ noted that Dr. Bunge's opinion was inconsistent with Dr. Bunge's own treatment records "which reflect the

9

claimant's condition is fairly controlled with medication." AR 13. The ALJ noted that the claimant sees Dr. Bunge every six months for management of depression and medication refills. AR 15. The ALJ noted that, "in Dr. Bunge's treatment records the claimant's depression has been assessed as no more than 'moderate' and on one occasion[] was assessed as 'mild.'" Further, the ALJ noted that Dr. Bunge's records reflected that the Plaintiff reported "'on and off' difficulties with concentration but overall, the claimant was doing 'pretty good.'"AR 15. In what appear to be Dr. Bunge's most recent treatment notes dated June 2008, he assessed the Plaintiff's depression as "moderate" and noted that the Plaintiff "feels pretty good." AR 409.

Thus, Dr. Bunge's conclusion in August 2008 that the Plaintiff's decreased concentration and energy and chronic pain would impair him from putting in a full day of work is not supported by his treatment notes. Moreover, the ALJ's decision to give little weight to Dr. Bunge's opinion was supported by substantial evidence.

### C. Whether the ALJ Erred in Relying on the Vocational Expert's Answer to a Hypothetical Question that Did not Fit the Facts of this Case.

As stated, the Commission has the burden of establishing that there is sufficient work in the national economy that the claimant can perform given his RFC, age, education and work experience. See 20 C.F.R. § 404.1520(g); 20 C.F.R. § 404.1512(g); 20 C.F.R. § 404.1560(c). "To meet this burden, there must be a finding supported by substantial evidence that plaintiff has the vocational qualifications to perform specific jobs." *Varley v. Secretary of Health & Human Services*, 820 F.2d 777 (6th Cir. 1987) (internal quotations and brackets and citation omitted). "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays plaintiff's individual physical and

mental impairments." *Id*. (internal quotations and brackets and citation omitted).

The Plaintiff argues that the ALJ's question to the vocational expert did not accurately portray his individual psychological condition as assessed by Drs. Patel and Bunge, both of whom concluded that the Plaintiff was impaired from putting in a full day work. However, the Court has already found that the ALJ's decision to give little weight to their opinions was proper. Thus, the hypothetical was proper. *Infantado v. Astrue*, 263 Fed. Appx. 469, 476-77 (6th Cir.2008).

### D.  Conclusion.

For all these reasons, the Commissioner's decision denying the Plaintiff's claim for benefits is supported by substantial evidence in the record. Accordingly, it is **HEREBY ORDERED** as follows:

1) Plaintiff's Motion for Summary Judgment [DE 10] is **DENIED**;

2) The Commissioner's Motion for Summary Judgment [DE 12] is **GRANTED**; and

3) A judgment shall be entered concurrently with this Opinion and Order.

Dated this 4th day of March, 2011.



Signed By:
*Karen K. Caldwell*
United States District Judge